JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff, Ray Salupo, appeals the trial court's order granting motions to dismiss filed by defendants-appellees, Fox, Inc., d.b.a. WJW-FOX 8 ("Fox") and Gannett, Inc., d.b.a. WKYC-CHANNEL 3 ("WKYC"), as well as a motion for summary judgment filed by The Better Business Bureau ("BBB").
 {¶ 2} The facts leading to this appeal begin in September 1999 when Empire Interiors, Inc., aka LaSalle Interiors ("LaSalle"), filed for bankruptcy. At the time, plaintiff was the acting president of LaSalle. In what plaintiff describes as no less than ten separate newscasts, occurring between September 3, 1999 and September 21, 1999, Fox reported on LaSalle's bankruptcy and on plaintiff's conduct as its president. Plaintiff further alleges that defendants continued publicizing facts about him to the public through June 2000. According to plaintiff, defendants' conduct invaded his privacy.
 {¶ 3} In his complaint, plaintiff alleges that after LaSalle filed for bankruptcy, Fox came to his home and videotaped his family in the process of moving. Fox then broadcast the events it captured on tape. Plaintiff says the broadcast implied that he and his family were moving in order to flee LaSalle's creditors.
 {¶ 4} Plaintiff filed suit against each of the defendants on September 6, 2002. The complaint asserted that each of the defendants had invaded his privacy because, by their actions, they had falsely insinuated he was dishonest and had acted fraudulently as LaSalle's president. Plaintiff says defendants' conduct caused him to suffer humiliation and emotional distress along with maligning his character and reputation in the community. Plaintiff claims he can no longer conduct business in Ohio because of defendants' actions.
 {¶ 5} Fox and WKYC filed motions to dismiss plaintiff's complaint for failure to state a claim pursuant to Civ.R 12(B)(6). BBB filed a motion for summary judgment. All three defendants advanced the same legal theories in their motions: namely, plaintiff's claims were actually for defamation, not invasion of privacy; plaintiff had missed the one-year statute of limitations for filing a defamation claim; and, lastly, even if his claims could be interpreted as invasion of privacy, he could not prove the essential elements. In its motion for summary judgment, BBB similarly argued plaintiff's claims were actually defamation claims and, therefore, plaintiff had missed the one-year statute of limitation.
 {¶ 6} Without written opinion, the trial court granted Fox's and WKYC'S motions to dismiss and granted summary judgment to BBB. In this timely appeal, plaintiff presents two assignments of error for review.
The court erred in granting the motions to dismiss filed by appellees TV 8 and TV 3 when it cannot be said that appellant could not prove any theory to support his claim of an invasion of privacy.
 {¶ 7} Plaintiff argues the trial court erred in dismissing his complaint because he sufficiently stated a claim against Fox and WKYC for invasion of privacy.
 {¶ 8} Pursuant to Civ.R. 12(B)(6), dismissal of a complaint is appropriate only "where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." York v. Ohio State Hwy. Patrol
(1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063. In resolving a Civ.R. 12(B)(6) motion, a court's factual review is confined to the four corners of the complaint. Within those confines a court presumes all factual allegations in the complaint are true, and all reasonable inferences from those facts are made in favor of the non-moving party. Fahnbulleh v. Strahan (1995),73 Ohio St.3d 666, 653 N.E.2d 1186; Krause v. Case W. Res. Univ., (Dec. 19, 1996), Cuyahoga App. No. 70526.
 {¶ 9} On appeal, we conduct a de novo review of the complaint to determine whether dismissal was appropriate. Vail v. PlainDealer Publishing Co. (1995), 72 Ohio St.3d 279, 281,649 N.E.2d 182, citing Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192, 532 N.E.2d 753.
 {¶ 10} In the case at bar, the last five paragraphs of plaintiff's complaint contain the substantive allegations he asserts against defendants. Those paragraphs include the following statements:
From September 3, 1999 through June 2000, Defendants and their agents acting in the scope of their employment televised and published to the general public over channels 8 and 3 a series of telecasts which subjected Plaintiff to harassment, intimidation and invaded his seclusion, solitude and private affairs by, but not limited to, falsely insinuating that Plaintiff was dishonest in the conduct of business, was transferring and concealing assets from creditors of LaSalle and had done similar things in the past and would "resurface" again in the future.
Defendant Fox, Inc., acting through its duly authorized agents, videotaped and broadcast to the general public Plaintiff's home and furniture as he and his family were preparing to move, implying that he was about to flee from LaSalle creditors with assets of LaSalle.
By Defendant's actions, Plaintiff's character and social and business reputation were impugned and Plaintiff was subjected to humiliation and public ridicule, causing Plaintiff to suffer mental and emotional distress, all to Plaintiff's damage in the amount of ten million dollars ($10,000,000.00).
As a result of Defendants' conduct, Plaintiff was no longer able to do business in Northeast Ohio, to his detriment in the amount of ten million dollars ($10,000,000.00).
 {¶ 11} Plaintiff says Defendants acted willfully and maliciously and with wanton disregard of Plaintiff's feelings, character and reputation, for which Plaintiff is entitled to punitive damages in the amount of ten million dollars ($10,000,000.00); that he is entitled to such other and further relief as the court may deem just and proper.
 {¶ 12} Because the trial court did not articulate the basis of its dismissal, we refer exclusively to the arguments advanced by each of the defendants in their motions to dismiss. Both defendants argued that plaintiff's characterization of his claims as an invasion of privacy was incorrect. Instead, defendants argued, plaintiff's claims were actually for defamation and were thus barred by the one-year statute of limitations governing that tort under R.C. 2305.11, rather than the four-year limitations period for invasion of privacy under R.C. 2305.09(D).
 {¶ 13} Before determining which statute of limitations should be applied to a particular cause of action in Ohio,
 {¶ 14} `* * * courts must look to the actual nature or subject matter of the case rather than the form in which the action is pleaded. The grounds for bringing the action are the determinative factors; the form is immaterial.' * * * [T]he applicable statute of limitations for the entire claim is determined by the essential character of the underlying tort action.
 {¶ 15} Breno v. Mentor, Cuyahoga App. No. 81861, 2003-Ohio-4051, at ¶ 10, citing Krause v. Case W. Res. Univ.
(Dec. 19, 1996), Cuyahoga App. No. 70526, 1996 Ohio App. LEXIS 5771, quoting Lawyer's Cooperative v. Muething (1992),65 Ohio St.3d 273, 277-278, 603 N.E.2d 969. A trial court must keep in mind that one set of facts can support different causes of action in the same complaint. Rogers v. Buckel (1992),83 Ohio App.3d 653, 615 N.E.2d 669 (facts asserted in plaintiff's complaint supported separate claims for invasion of privacy and defamation).
 {¶ 16} Plaintiff's complaint in the matter at bar identifies the claims as "invasion of privacy." Defendants both argue "defamation." In Ohio, defamation is:
 a false and malicious publication against an individual made with an intent to injure his reputation or to expose him to public hatred, contempt, ridicule, shame, or disgrace or to affect him injuriously in his trade, business or profession. It is defamatory, and actionable at law, if as a proximate consequence of the libel the individual against whom it is published occasions a pecuniary loss.
 {¶ 17} Robb v. Lincoln Publishing (Ohio), Inc. (1996),114 Ohio App.3d 595, 616, 683 N.E.2d 823; Yeager v. Local Union 20
(1983), 6 Ohio St.3d 369, 453 N.E.2d 666. Moreover, "the providing of information is a communication that forms the basis of the claim. A claim is `complete under defamation' if, under the facts, it hinges upon the defendant communicating something by speech or conduct." Breno, supra., at ¶ 10 citingWorpenberg v. Kroger Co., Hamilton App. No. C-010381, 2002-Ohio-1030.
 {¶ 18} In his complaint, plaintiff alleges that Fox and WKYC through their separate television telecasts falsely insinuated he was a dishonest person and that, while acting as the president of LaSalle, he committed fraudulent acts. As a result, plaintiff says he has been subject to public ridicule and can no longer do business here in Northeastern, Ohio. These claims amount to defamation. The parties agree that in a defamation claim the trigger date for the statute of limitations is June 2000, the date of the last telecast by the defendants. Plaintiff filed his complaint in June 2002. Accordingly, the trial court did not err in dismissing plaintiff's complaint, because the one-year statute of limitations for filing a defamation claim had lapsed before this case was filed.
 {¶ 19} Next, this court reviews plaintiff's complaint to see whether it contains sufficient facts to support plaintiff's claims for invasion of privacy. Rogers, supra. "The right of privacy is the right of a person to be let alone, to be free from unwarranted publicity, and to live without unwarranted interference by the public in matters with which the public is not necessarily concerned." Housh v. Peth (1956),165 Ohio St. 35, 133 N.E.2d 340, at syllabus. The tort of invasion of privacy consists of three different types of wrongs: (1) the unwarranted appropriation or exploitation of one's personality; (2) the publicizing of one's private affairs with which the public has no legitimate concern; and (3) the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities. Id.
 {¶ 20} Under Housh, only the second and third types of privacy invasion are applicable to the facts alleged in plaintiff's complaint in this case. As to the second type of intrusion, namely, "the publicizing of one's private affairs with which the public has no legitimate concern," the publication must concern a truly private fact, not something left "open to the public eye" by the plaintiff. Pollack v. Rashid (1996),117 Ohio App.3d 361, 369, 690 N.E.2d 903; Killilea v. Sears, Roebuck Co. (1985), 27 Ohio App.3d 163, 499 N.E.2d 1291.
 {¶ 21} Plaintiff generally asserts defendants Fox and WKYC published through various television broadcasts certain facts about him which falsely depicted him as a dishonest person. He also alleges that Fox invaded his privacy by videotaping him and his family preparing to move, leading the public to believe he was fleeing LaSalle's creditors and taking assets belonging to the company. Plaintiff's damages are described as harm done to his character, his social and business reputation, as well as being subjected to humiliation, suffering emotional distress, and being publicly ridiculed. Plaintiff has also lost the ability to do business in northeast Ohio.
 {¶ 22} The factual basis for plaintiff's entire complaint rests upon the fact that he and his family were filmed while they were moving. Contrary to plaintiff's position, however, the act of moving is not the type of private fact the law protects. Moreover, moving is usually done in public. Pursuant to Civ.R. 12(B)(6), no matter how broadly stated the factual allegations are in plaintiff's complaint, we conclude that, at this point in the proceedings, plaintiff does not state a claim for defendants' wrongful publication of private facts about him. See Krause v.Case Western Reserve University, (Dec. 19, 1996), Cuyahoga App. No. 70526. On this point, the trial court did not err in dismissing plaintiff's complaint for failure to state a claim.
 {¶ 23} Next, we must determine whether plaintiff's complaint states a claim for the third type of privacy action, wrongful intrusion by Fox and WKYC. A wrongful intrusion claim requires the plaintiff to show the defendant has "[intruded] (physically or otherwise) into something secret, secluded or private pertaining to the plaintiff. Comment c to Section 652B of the Restatement at 379 provides that: "`The defendant is subject to liability under the rule stated in this Section only when he has intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs.'" Haynik v. Zimlich (1986), 30 Ohio Misc.2d 16, 22,508 N.E.2d 195, 201; See Sustin v. Fee (1982),69 Ohio St.2d 143, 431 N.E.2d 992. The tort further requires a plaintiff to show that the wrongful intrusion caused him to suffer outrage, mental suffering and/or humiliation.
 {¶ 24} In the case at bar, paragraph six of plaintiff's complaint does not describe the particular facts, private or otherwise, plaintiff alleges defendants wrongfully intruded upon and then published about him. Plaintiff does not allege defendants intruded into a private place, or that they invaded his private seclusion. Construing the allegations in the complaint in plaintiff's favor, we must conclude that, at this point in the proceedings, plaintiff does not state a claim against defendants for invasion of privacy/wrongful intrusion.
 {¶ 25} As for paragraph seven of plaintiff's complaint, we cannot say that Fox's videotaping plaintiff and his family preparing to move was an intrusion into something secret, secluded or private. Pollack, supra.; Haynik, supra., at *22, ("Liability for intrusion does not exist where the defendant merely observes, films, or records a person in a public place * * *.").
 {¶ 26} Plaintiff's complaint does not include any facts from which this court can conclude that plaintiff's moving was anything other than an activity "left open to the public" and, therefore, not secret or private. Accordingly, the trial court did not err in dismissing plaintiff's complaint for failing to state a claim for invasion of privacy against defendants, Fox and WKYC. Plaintiff's first assignment of error is overruled.
II. The court erred in granting summary judgment when genuine issues of material fact existed relative to an invasion of appellant's privacy and appellee BBB was not entitled to judgment as a matter of law.
 {¶ 27} Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State exrel. Grady v. State Emp. Relations Bd., 78 Ohio St.3d 181, 183,1997-Ohio-221, 677 N.E.2d 343.
 {¶ 28} Unlike Fox's and WKYC'S motions to dismiss, which confined our review to the four corners of plaintiff's complaint, BBB's motion for summary judgment requires this court to consider the affidavits BBB and plaintiff used to support their respective positions.[1] Civ.R. 56.
 {¶ 29} In its motion for summary judgment, BBB argued it "did not, televise or publish any defamatory statements regarding the Plaintiff as alleged in the Complaint. * * * Defendant could not have, by these actions, caused any harm to the Plaintiff's character and social and business reputation." In support of its motion, BBB attached the affidavit of David Weiss, BBB's president. In that affidavit, Weiss stated, in part, that BBB does not have an ownership interest in Fox or WKYC. He further stated, "BBB of Cleveland Inc., has never had any control over the content of any newscast or broadcast on the television stations that are named as parties in the Complaint." Weiss affidavit, ¶ 4 and ¶ 5.
 {¶ 30} BBB also argued that, even if it somehow did defame plaintiff, the one-year statute of limitations for that claim had already passed and thus, plaintiff's complaint against it was barred. Because BBB believed plaintiff's allegations were really disguised defamation claims, it never addressed whether plaintiff presented a claim for invasion of privacy.
 {¶ 31} In his brief in opposition to BBB's motion for summary judgment, plaintiff argued his claims against BBB were for intruding upon his private life, not for defamation. Plaintiff appended his own affidavit to his brief. In that affidavit, plaintiff described the televised broadcasts done by Fox and WKYC and stated that in those broadcasts BBB was part of "`a team' in reporting on the Casa LaSalle bankruptcy; and that Bob Manista, an employee of Defendant Better Business Bureau [sic] appeared and spoke in Channel 3 newscasts." Plaintiff further averred:
Affiant further says that Defendant Fox, Inc., broadcast at least 11 newscasts reporting on the Casa LaSalle bankruptcy between September 3, 1999 and September 15, 1999.
Affiant further says that during said newscasts Defendants stated on numerous occasions that Casa LaSalle customers had made payments on furniture they did not receive and would lose everything; that Ray Salupo has closed stores before to defeat his creditors and customers and would probably do it again; that he would "resurface"; that he would "float up" again; that a lot of consumers would" be taken by this man," that he is not the most ethical person, that the Ohio Attorney General was considering lawsuits against him and many other statements implying that there was something illegal or improper in Casa LaSalle's bankruptcy filing.
Affiant further says that on September 3, 1999 Defendant Gannett, Inc. sent its employees to videotape his home and furniture located in his closed garage; that said video was shown on its newscasts by its employees who reported that he was moving, implying that he was evading Casa LaSalle creditors and taking Casa LaSalle furniture with him; that when it was announced on or about September 10, 1999 by the trustee in bankruptcy that he had arranged to have all furniture delivered to customers who paid for it in full, Defendants continued to report that Casa LaSalle customers should cancel their credit card payments, that profits made from the sale of the furniture could go into Salupo's pockets, even though the trustee had announced that those profits would go to creditors.
Affiant further says that Defendant Fox, Inc. sent its employees to his home in June, 2000 to videotape and broadcast a garage sale he was conducting at his home, implying that he was selling Casa LaSalle's furniture that should have gone to the trustee in bankruptcy to pay creditors.
Affiant further says that he has possession of a videotape of the newscasts verifying the above statements; that said videotape was prepared for affiant by North Coast News Clips, a commercial video service in Mentor, Ohio, that records newscasts, or portions thereof, for its customers.
Affiant further says that no illegality or impropriety was found relative to the Empire Interiors, Inc. bankruptcy filing that was the subject of Defendants' newscasts.
Affiant further says that said publications by Defendants were untrue; that the references to him in the broadcasts caused him humiliation and public ridicule, mental and emotional distress and damaged his character and social and business reputation.
 {¶ 32} Neither Weiss's nor plaintiff's affidavit lead us to change our earlier conclusion that some of the facts plaintiff alleged amount to defamation but, because of the one-year statute of limitation, that claim is now barred. The trial court, therefore, did not err in granting summary judgment to BBB on the basis of the statute of limitation. Nonetheless, the trial court still should have reviewed plaintiff's evidence to see whether he could survive BBB's argument that he did not have a claim for invasion of privacy.
 {¶ 33} Because we conduct a de novo review of a trial court's grant of summary judgment, we now review the record in this case to see whether the court's judgment was in error pursuant to Civ.R. 56. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 1996 Ohio 336, 671 N.E.2d 241. As before, we do not find the first type of privacy invasion described in Housh,
supra, applicable to this case. We review the record to see whether plaintiff sufficiently meets his Civ.R. 56 burden of proving either or both of the remaining two types of privacy claims recognized in Housh, supra.
 {¶ 34} Plaintiff claims BBB, along with Fox and WKYC, wrongfully intruded into his private affairs by participating in the telecasts which publicized private events in his life — events he claims that had nothing to do with LaSalle's bankruptcy. The only event in plaintiff's affidavit that can possibly be characterized as private is WKYC videotaping "his home and furniture located in his closed garage." BBB, however, is not mentioned.
 {¶ 35} Plaintiff states that after the filming was done by WKYC "[d]efendants continued to report that Casa LaSalle customers should cancel their credit card payments, that profits made from the sale of the furniture could go into Salupo's pockets, even though the trustee had announced that those profits would go to creditors." Again, plaintiff never specifically mentions BBB or what it did to invade his privacy. Plaintiff never produces evidence BBB ever participated in the reports he describes. Further, even if BBB did participate, plaintiff still fails to identify the reports he claims constitute an invasion of his privacy. Plaintiff states that there is a videotape confirming the various publications and reports defendants made about him. Plaintiff's mere reference to a videotape, however, is not the type of evidence required by Civ.R. 56.
 {¶ 36} Accordingly, there are no genuine issues of material fact about whether BBB participated in the filming of plaintiff's home and the items in his closed garage. Reasonable minds cannot differ on the fact that BBB did not publish anything about plaintiff's private affairs nor did it wrongfully intrude upon plaintiff's seclusion or something secret or private pertaining to him. Housh, supra; Pollack, supra; Haynik, supra. Plaintiff's second assignment of error is also without merit.
 {¶ 37} Judgment accordingly.
TIMOTHY E. McMONAGLE and JOHN T. PATTON*, JJ., concur.
(* Judge John T. Patton, retired, of the Eighth District Court of Appeals sitting by assignment.)
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into
[1] We note that the affidavits are the only evidence either party presented.