[Cite as *Moran v. Lewis*, 2018-Ohio-4423.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106634**

---

**RICHARD MORAN**

PLAINTIFF-APPELLANT

vs.

**MICHAEL A. LEWIS**

DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-832343

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** November 1, 2018

**ATTORNEY FOR APPELLANT**

Mary Jo Hanson
55 Public Square, Suite 1550
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Joseph A. Ferrante
Lavell O. Payne
Nationwide Insurance Co.
4125 Highlander Parkway, Suite 200
Richfield, Ohio   44286


**Also listed:**

**For Kevin Russell**

S. Robert E. Lazzaro
Costanzo & Lazzaro
13317 Madison Avenue
Lakewood, Ohio   44107


SEAN C. GALLAGHER, J.:

{¶1}   Richard Moran appeals the entry of judgment upon the pleadings entered in Michael Lewis's favor.  Moran claims that Lewis, a private investigator hired to conduct surveillance of Moran's activities for a then-pending civil action, violated Moran's "right to privacy" and trespassed by installing global positioning system ("GPS") tracking devices on two of Moran's vehicles.  According to Moran, he has an expectation of privacy while traveling on public roads and that privacy was violated by Lewis's conduct.   Moran further argues that such a violation should essentially amount to a per se invasion of privacy under Ohio law.   As much as

Moran would prefer to argue that he has a recognized expectation of privacy while traveling on public roads, this case turns on the allegations in the complaint or, better stated, the failure to properly plead an invasion of privacy claim under Ohio law.

{¶2} Before the trial court granted judgment in favor of Lewis, Moran joined Lewis in seeking leave to file dispositive motions on whether the complaint set forth a viable claim for invasion of privacy and trespass. Thus, any issues with the procedural posture of the dispositive ruling would be, at best, invited error. Further, in this appeal Moran asked us to disregard any perceived error in granting judgment in favor of Lewis upon the claims for trespass. The only issue before this court is whether the allegations that a private citizen installed a GPS tracking device on another individual's motor vehicle to track its movement on public roads sufficiently pled a violation of the right to seclusion that is recognized as an invasion of privacy under Ohio law. It does not, and therefore, the allegations in the complaint failed to set forth a claim upon which relief could be granted.

{¶3} We review a ruling on a motion for judgment on the pleadings de novo. *Thornton v. Cleveland*, 176 Ohio App.3d 122, 2008-Ohio-1709, 890 N.E.2d 353, ¶ 3 (8th Dist.). Motions for judgment on the pleadings are governed by Civ.R. 12(C), which states as follows: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "In order to be entitled to a dismissal under Civ.R. 12(C), it must appear beyond doubt that [the nonmovant] can prove no set of facts warranting the requested relief, after construing all material factual allegations in the complaint and all reasonable inferences therefrom in [the nonmovant's] favor." *State ex rel. Toledo v. Lucas Cty. Bd. of Elections*, 95 Ohio St.3d 73, 74, 2002-Ohio-1383, 765 N.E.2d 854. Parties may seek a dismissal for failure to state a claim within the context of Civ.R. 12(C). When reviewing a Civ.R.

12(B)(6) motion to dismiss under this framework, we must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff. *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791, ¶ 6.

{¶4} In Ohio, an actionable invasion of privacy is (1) the unwarranted appropriation or exploitation of one's personality; (2) the publicizing of one's private affairs with which the public has no legitimate concern; or (3) the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities. *Housh v. Peth*, 165 Ohio St. 35, 133 N.E.2d 340 (1956), paragraph two of the syllabus. Invasion of privacy under Ohio law is generally derived from the Restatement of Torts. Under Restatement of the Law 2d, Torts, Section 652B (1977), a defendant may be liable for intrusion upon another's seclusion if the defendant intentionally intrudes upon the "solitude or seclusion" or the private affairs or concerns of another, and if such an intrusion would be highly offensive to a reasonable person. Moran invoked that third prong of the invasion of privacy claim as stated in *Housh*; however, Moran failed to allege any intrusion, much less a wrongful one, into his private activities or his right to seclusion.

{¶5} Instead, Moran claims that the installation of the GPS tracking device was a per se invasion into his private activities and the law should be expanded to prevent private citizens from using modern technology to track another's travels on public roads. According to Moran, the act of attaching a GPS device to another's vehicle is prima facie evidence supporting the invasion of privacy claim. He "urges this Court to reject the old thinking that you cannot have privacy driving your car along Ohio's highways." Moran has not cited any authority supporting the proposition that, as a matter of law, a private citizen tortiously invades the privacy of another merely through the act of attaching a GPS device on another's vehicle for the purpose of tracking

public movements. App.R. 16(A)(7); *see, e.g., Turner v. Am. Car Rental, Inc.*, 92 Conn.App. 123, 130, 884 A.2d 7 (2005) (acknowledging the lack of legal authority demonstrating an expectation of privacy on a public highway). In order to properly plead an invasion of privacy claim, there must be allegations that the tracking invaded the seclusion or private affairs of another. *See Troeckler v. Zeiser*, S.D.Ill. No. 14-cv-40-SMY-PMF, 2015 U.S. Dist. LEXIS 27594, 7 (Mar. 5, 2015) (plaintiffs failed to plead that the placement of the GPS led to the disclosure of private facts); *Villanova v. Innovative Investigations, Inc.*, 420 N.J. Super. 353, 21 A.3d 650, 652 (N.J.App.2011) (no evidence that the vehicle was driven into a private or secluded location where one would have a reasonable expectation of privacy). The act of attaching a GPS device does not in and of itself constitute the invasion into one's seclusion or private affairs.

{¶6} Moran alleges that Lewis (1) attached a GPS tracking device to two of Moran's vehicles deceptively without his consent, (2) had no right to enter the private property to install the devices, (3) recorded the locations of Moran's vehicles on a continuing basis, and (4) hid the information from Moran. However, there are no allegations that the recording of the tracking information gleaned any private information or that an intrusion into Moran's solitude, seclusion, or private affairs was accomplished. Further, there are no allegations that the GPS tracking of Moran's public travels would be highly offensive to a reasonable person when the tracking occurs with a device rather than physically tailing the vehicles. In this case, the complaint fails to state a claim upon which relief can be granted — the plaintiff failed to allege facts that would satisfy the elements of an invasion of privacy claim as articulated in *Housh*.

{¶7} In support of Moran's request to expand the invasion of privacy claim to encompass his generalized allegations that fail to allege each element of an invasion of privacy tort claim, he cites the Supreme Court's decision in *United States v. Jones*, 565 U.S. 400, 132 S.Ct. 945, 181

L.Ed.2d 911 (2012), in which it was held that law enforcement's act of trespass, by placing a GPS tracking device on a suspect's vehicle, was an unreasonable search. According to Moran, however, *Jones* stands for the proposition that citizens have an expectation of privacy while traveling on public roads, as articulated in *Katz v. United States*, 389 U.S. 347, 351, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). He is mistaken. Justice Antonin Scalia, writing for the majority in *Jones*, specifically rejected the government's claim that the expectation of privacy line of cases applied or impacted the determination of whether the installation of a GPS tracking device violated the Fourth Amendment. *Jones* at 405-406; *but see State v. White*, 5th Dist. Fairfield No. 2010-CA-60, 2011-Ohio-4526, ¶ 66 (GPS technology infringes on the reasonable expectation of privacy). *Jones* did not recognize an expectation of privacy in this context.

{¶8} In the alternative, Moran asks to supplant the law stated in *Housh,* 165 Ohio St. 35, 133 N.E.2d 340, and the Restatement of Torts with a bad faith or corrupt motive standard — according to Moran any attachment of a GPS tracking device that was done in bad faith or with a corrupt motive would be an invasion of privacy regardless of whether the device was used to track public or private movements. In support of this new standard, Moran cites *Sustin v. Fee*, 69 Ohio St.2d 143, 145, 431 N.E.2d 992 (1982).

{¶9} That case is not applicable to the particular facts of this case, and it did not create a new standard for invasion of privacy. *Sustin* reiterated Ohio's reliance on the Restatement of the Law 2d, Torts, Section 652B, as the foundation for the invasion of privacy claims as set forth in *Housh*. *Sustin* merely added an additional caveat to address the situation in which the surveillance is conducted by a public official acting within the scope of his or her official duties. In that situation, an additional pleading requirement is necessary because in order to avoid immunity, the plaintiff must allege that the official acted in bad faith or with a corrupt motive.

*Id.* In light of the fact that Lewis is a private citizen, *Sustin* does not impact our analysis, nor does it create a new standard to review invasion of privacy claims. The elements of an invasion into another's seclusion claim as articulated in *Housh* have not been altered.

{¶10} Under Ohio law, in order to properly plead an invasion of privacy claim premised on the invasion into another's seclusion, at a minimum, there must be allegations demonstrating an intrusion, physical or otherwise, into another's solitude or private affairs. *Housh* at paragraph two of the syllabus. The Restatement of the Law 2d, Torts, Section 652B, provides that "'the defendant is subject to liability under the rule stated in this Section only when he has intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs.'" *Salupo v. Fox, Inc.*, 8th Dist. Cuyahoga No. 82761, 2004-Ohio-149, ¶ 23, quoting *Haynik v. Zimlich*, 30 Ohio Misc.2d 16, 22, 508 N.E.2d 195, 201 (1986). In *Salupo*, it was held that the failure to plead particular facts that the defendant wrongfully intruded upon the plaintiff's private affairs was dispositive — in such a situation the complaint fails to set forth a claim upon which relief could be granted and the case should be dismissed. *Id.* at ¶ 23-24.

{¶11} In this case, Moran's complaint merely alleges that Lewis attached a GPS tracking device to two of Moran's vehicles and such conduct was a per se violation of Moran's privacy because Ohioans should have an expectation of privacy while traveling on public roads. Such an allegation is insufficient to state a claim for invasion of privacy under Ohio law. The failure to plead facts, private or otherwise, establishing that the defendant wrongfully intruded into the seclusion or private affairs of the plaintiff is fatal to the pleading. The mere act of monitoring another's public movements through the attachment of a GPS tracking device is not, in and of itself, sufficient to state an invasion of privacy claim. As it stands under Ohio law, liability for

intrusion into another's seclusion or private affairs does not exist where the defendant observes or records a person in a public place. *Salupo* at ¶ 25, citing *Pollock v. Rashid*, 117 Ohio App.3d 361, 369, 690 N.E.2d 903 (1st Dist.1996).

{¶12} The increased use of readily available technology has transformed an individual's expectations of privacy. We appreciate, and empathize with, Moran's concerns. Nevertheless, as an intermediate appellate court of law, we cannot change Ohio's existing tort standard for invasion of privacy. Although we are sensitive to individual privacy concerns, it is the role of the Ohio legislature to expand the right to privacy to include a prohibition against tracking devices as used in this case. *See, e.g.,* Alaska Stat. 11.41.270(b)(4)(H) (prohibiting the use of global positioning or other similar devices to monitor or track a person); Cal.Pen.Code 637.7 (prohibiting the use of electronic tracking devices to determine the location or movement of a person); 720 ILCS 5/21-2.5(b) (prohibiting the use of an electronic tracking device to determine another's movement or locations). Moving Ohio to a per se standard, in the effort to advance policy considerations, is beyond the role of this court. Under the existing tort law, Moran needed to plead facts demonstrating the intrusion into his seclusion or private affairs along with facts demonstrating mental suffering, shame, or humiliation. *Housh,* 165 Ohio St. 35, 133 N.E.2d 340.

{¶13} According to Moran, the GPS tracking devices in this case recorded his movements on public roads and there were no allegations that the recording or dissemination of the information intruded into Moran's solitude, seclusion, or private affairs. The solitary claim that the use of the GPS device was a per se invasion of privacy is overruled. The complaint fails to set forth a claim for invasion of privacy under Ohio law, and the judgment on the pleadings in favor of Lewis is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR