[Cite as *Feasby v. Logan*, 2023-Ohio-4478.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PAULDING COUNTY

TIMOTHY A. FEASBY, ET AL.,

    PLAINTIFFS-APPELLANTS,

    CASE NO. 11-23-05

    v.

JOHN LOGAN, ET AL.,

    O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Paulding County Common Pleas Court
Trial Court No. CI-22-072

Judgment Reversed and Cause Remanded

Date of Decision: December 11, 2023

APPEARANCES:

    *John E. Hatcher* for Appellants

    *Timothy Holtsberry* for Appellees

**ZIMMERMAN, J.**

**{¶1}** Plaintiffs-appellants, Timothy A. Feasby and Rhonda D. Feasby ("the Feasbys"), appeal the May 25, 2023 judgment entry of the Paulding County Court of Common Pleas dismissing their complaint after granting a judgment on the pleadings under Civ.R. 12(C) in favor of defendants-appellees, John Logan and Jessie Logan ("the Logans"). For the reasons that follow, we reverse.

**{¶2}** On May 4, 2022, the Feasbys filed a complaint in the trial court alleging claims for invasion of privacy and intentional infliction of emotional distress against their neighbors, the Logans. Along with their complaint, the Feasbys filed a motion requesting a temporary restraining order and a permanent injunction against the Logans to "remove or lower their camera that is approximately fourteen (14') feet off of the ground and that [the] audio capability of that camera be disabled thereby abating the ongoing invasion of [the Feasbys'] privacy." (Doc. No. 2).

**{¶3}** On May 23, 2022, the Logans filed their answer. Also that day, the Logans filed a motion for a judgment on the pleadings under Civ.R. 12(C), arguing that "there are no allegations on the complaint's face that would indicate a cause of action being brought for an invasion of privacy * * * ." (Doc. No. 9). Specifically, the Logans argued that "[t]he complaint does not allege an unwarranted appropriation or exploitation of the [Feasbys'] personalities, nor a publication of the

[Feasbys'] private affairs nor an allegation of outrage or mental suffering, shame or humiliation." (*Id.*).

**{¶4}** In response to the Logans' motion seeking a judgment on the pleadings, the Feasbys filed a motion for leave to amend their complaint on July 18, 2022. On August 11, 2022, the Logans filed a memorandum in opposition to the Feasbys motion for leave to amend their complaint.

**{¶5}** That same day, the Feasbys filed a memorandum in opposition to the Logans' motion for a judgment on the pleadings. In their memorandum, the Feasbys contend that the Logans misconstrued the elements of an invasion-of-privacy claim by asserting that a party must "prove all different types of invasion of the privacy [sic] in every invasion of privacy case when in reality they are three distinct causes of action." (Doc. No. 14).

**{¶6}** Before addressing the Logans' motion for a judgment on the pleadings, the trial court granted the Feasbys' motion for leave to amend their complaint on January 10, 2023. Consequently, the Feasbys filed an amended complaint on January 11, 2023. The Logans filed their answer to the Feasbys' amended complaint on January 25, 2023.

**{¶7}** On March 16, 2023, the trial court (without providing any analysis) granted the Logans' motion for a judgment on the pleadings under Civ.R. 12(C). (Doc. No. 18).

{¶8} The Feasbys filed a notice of appeal on April 14, 2023. However, because the trial court's March 16, 2023 entry granting a judgment on the pleadings in favor of the Logans was not a final, appealable order, this court dismissed the Feasbys' appeal. Following the dismissal of the Feasbys' appeal, the trial court dismissed the Feasbys' complaint on May 25, 2023. (Doc. No. 22). The Feasbys filed their notice of appeal on June 15, 2023. They raise one assignment of error for our review.

### Assignment of Error

**The Court erred in granting Appellee's Motion for Judgment on the Pleadings.**

{¶9} In their sole assignment of error, the Feasbys argue that the trial court erred by granting the Logans' motion for a judgment on the pleadings under Civ.R. 12(C). Specifically, the Feasbys argue that the trial court erred by granting a judgment on the pleadings in favor of the Logans because the trial court "was [led] to believe that a party needed to prove all three enumerated elements * * * when those enumerated elements are actually three different causes of action for invasion of privacy * * * ."[1] (Appellant's Brief at 7).

*Standard of Review*

{¶10} "Under Civ.R. 12(C), '[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.'"

---

[1] Because the Feasbys do not raise any argument relative to their intentional-infliction-of-emotional-distress claim, we will not address it.

*Jones v. Gilbert*, 3d Dist. Auglaize No. 2-22-19, 2023-Ohio-754, ¶ 10, quoting Civ.R. 12(C). When "considering a Civ.R. 12(C) motion for judgment on the pleadings, the court is limited to the statements contained in the parties' pleadings and any 'written instruments' attached as exhibits to those pleadings." *Id.*, citing *Socha v. Weiss*, 8th Dist. Cuyahoga, 2017-Ohio-7610, ¶ 9 and Civ.R. 10(C) (stating that a "copy of any written instrument attached to a pleading is a part of the pleading for all purposes").

{¶11} "'A trial court reviews a Civ.R. 12(C) motion for judgment on the pleadings using the same standard of review as a Civ.R. 12(B)(6) motion for failure to state a claim upon which relief may be granted.'" *Oliver v. Marysville*, 3d Dist. Union No. 14-18-01, 2018-Ohio-1986, ¶ 18, quoting *Walker v. Toledo*, 6th Dist. Lucas No. L-15-1240, 2017-Ohio-416, ¶ 18. Consequently, "'Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law.'" *Jones* at ¶ 11, quoting *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996).

{¶12} "'An appellate court reviews a trial court's decision on a Civ.R. 12(C) motion for judgment on the pleadings de novo and considers all legal issues without deference to the trial court's decision.'" *Id.*, quoting *Wentworth v. Coldwater*, 3d Dist. Mercer No. 10-14-18, 2015-Ohio-1424, ¶ 15.

> Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as

true, and (2) finds *beyond doubt*, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief.

(Emphasis sic.) *Wentworth* at ¶ 15. "Thus, the granting of a judgment on the pleadings is only appropriate where the plaintiff has failed to allege a set of facts which, if true, would establish the defendant's liability." *Id.*

*Analysis*

**{¶13}** In Ohio,

[t]o be actionable, the invasion of privacy must involve "the unwarranted appropriation or exploitation of one's personality, the publicizing of one's private affairs with which the public has no legitimate concern, *or* the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities."

(Emphasis added.) *Lunsford v. Sterilite of Ohio, L.L.C.*, 162 Ohio St.3d 231, 2020-Ohio-4193, ¶ 32, quoting *Housh v. Peth*, 165 Ohio St. 35 (1956), paragraph two of the syllabus. *See also Hamrick v. Wellman Prods. Group*, 9th Dist. Medina No. 03CA0146-M, 2004-Ohio-5170, ¶ 35 (noting that "[t]he tort of invasion of privacy includes * * * separate torts"). Generally, "a defendant may be liable for intrusion upon another's seclusion if the defendant intentionally intrudes upon the 'solitude or seclusion' or the private affairs or concerns of another, and if such an intrusion would be highly offensive to a reasonable person." *Moran v. Lewis*, 8th Dist. Cuyahoga No. 106634, 2018-Ohio-4423, ¶ 4.

**{¶14}** "Under Ohio law, in order to properly plead an invasion of privacy claim premised on the invasion into another's seclusion, at a minimum, there must

be allegations demonstrating an intrusion, physical or otherwise, into another's solitude or private affairs." *Id.* at ¶ 10, citing *Housh* at paragraph two of the syllabus. *See also Sullinger v. Sullinger*, 849 Fed.Appx. 513, 522 (6th Cir.2021) ("A plaintiff must raise facts showing that a defendant 'wrongful[ly] intru[ded] into' the plaintiff's 'private activities.'"), quoting *Welling v. Weinfeld*, 113 Ohio St.3d 464, 2007-Ohio-2451, ¶ 15. A ""defendant is subject to liability under [this] rule * * * only when he has intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs."" *Moran* at ¶ 10, quoting *Salupo v. Fox, Inc.*, 8th Dist. Cuyahoga No. 82761, 2004-Ohio-149, ¶ 23, quoting *Haynik v. Zimlich*, 30 Ohio Misc.2d 16, 22 (C.P.1986).

{¶15} "'Intrusion upon seclusion' is based on the 'right to be left alone.'" *Lunsford* at ¶ 33, quoting *People for the Ethical Treatment of Animals v. Bobby Berosini, Ltd.*, 111 Nev. 615, 630, 895 P.2d 1269 (1995). "It is 'akin to trespass in that it involves intrusion or prying into the plaintiff's private affairs.'" *Id.*, quoting *Killilea v. Sears, Roebuck & Co.*, 27 Ohio App.3d 163, 166 (10th Dist.1985). Importantly, "[w]hether a plaintiff's activities were 'private' depends on whether he has a reasonable expectation of privacy based on the totality of circumstances." *Sullinger* at 522-523. *See also Lunsford* at ¶ 33 (noting that, "[w]hether an invasion of privacy has occurred turns on the particular facts of the case").

{¶16} On appeal, the Feasbys contend that the trial court erred by granting the Logan's motion for a judgment on the pleadings because when "[c]onstruing all

allegations and any inference therefrom to the benefit of the non-moving party (the [Feasbys]), it is clear that [they] have pled a cause of action for Invasion of Privacy due to the [Logans'] wrongful intrusion into their seclusion or private activities." (Appellants' Brief at 7).

{¶17} The Logans disagree and argue that, to maintain their invasion-of-privacy claim, the Feasbys were required to plead facts demonstrating "that the security camera * * * is somehow capable of taking pictures **inside** the [Feasbys'] home to be considered an invasion of privacy." (Emphasis sic.) (Appellees' Brief at 6). In other words, the Logans contend that "pictures of the yard are not an invasion of privacy under the law" because "all of the yard space is open to the public and therefore is not private and not an invasion of privacy." (*Id.*). The Logans' argument is misplaced. *See Mangelluzzi v. Morley*, 8th Dist. Cuyahoga No. 102272, 2015-Ohio-3143, ¶ 17 (rejecting the defendants' argument that "photographing or videotaping individuals in their backyard cannot support an invasion of privacy claim because a person's backyard is not 'private' and that the 'qualified privilege' defense entitles them to judgment on the pleadings").

{¶18} "Ohio follows the 'no set of facts' pleading standard, recognizing that a complaint '"should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."'" *Mangelluzzi* at ¶ 12, quoting *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975), quoting *Conley v.*

*Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99 (1957). The Supreme Court of Ohio explained that "a plaintiff is not required to prove his or her case at the pleading stage" because "[v]ery often, the evidence necessary for a plaintiff to prevail is not obtained until the plaintiff is able to discover materials in the defendant's possession." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). Importantly, the court reasoned that, "[i]f the plaintiff were required to prove his or her case in the complaint, many valid claims would be dismissed because of the plaintiff's lack of access to relevant evidence." *Id.* "Consequently, as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion" for judgment on the pleadings under Civ.R. 12(C). *Id.*

{¶19} Because "'Ohio is a notice-pleading state,'" "Ohio law does not ordinarily require a plaintiff to plead operative facts with particularity." *Hall v. Crawford Cty. Job & Family Servs.*, 3d Dist. Crawford No. 3-21-19, 2022-Ohio-1358, ¶ 16, quoting *Pugh v. Sloan*, 11th Dist. Ashtabula No. 2019-A-0031, 2019-Ohio-3615, ¶ 26; *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 29. Indeed, "[u]nder the Ohio Rules of Civil Procedure, a complaint need only contain 'a short and plain statement of the claim showing that the party is entitled to relief.'" *Mangelluzzi* at ¶ 13, quoting Civ.R. 8(A)(1). "'Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.'" *Hall* at ¶ 16, quoting Civ.R. 8(E)(1). "In sum, '[t]he

statement of the claim must give the defendant fair notice of the plaintiff's claim and the grounds upon which it is based.'" *Id.*, quoting *Pugh* at ¶ 27. Therefore, when "reviewing a motion for judgment on the pleadings, a complainant's failure to allege specific facts to disprove possible affirmative defenses of the defendant should not be fatal to the complaint." *Mangelluzzi* at ¶ 13.

{¶20} Construing the material allegations alleged in the Feasbys' amended complaint (along with all reasonable inferences which may be drawn from those allegations), we conclude that the trial court erred by granting a judgment on the pleadings in favor of the Logans. *Accord Mangelluzzi* at ¶ 22. That is, our review of the record reveals that the Feasbys alleged a set of facts that, if true, could establish the Logan's liability. Therefore, it is *not* beyond doubt that the Feasbys cannot prove any set of facts in support of their invasion-of-privacy claim that would entitle them to relief. *See Welling v. Weinfeld*, 113 Ohio St.3d 464, 2007-Ohio-2451, ¶ 10 (noting that the lower court concluded "that an invasion-of-privacy action could lie based upon Weinfeld's use of the video camera and floodlights"). *See also J.P. v. T.H.*, 9th Dist. Lorain No. 19CA011469, 2020-Ohio-320, ¶ 17 (suggesting that sufficient evidence was presented demonstrating that the defendant "engaged in actions that would constitute an invasion of privacy, such as routinely video recording his neighbors' activities").

{¶21} In this case, the Feasbys alleged that the Logans wrongfully intruded into their private activities to outrage or cause mental suffering, shame, or

humiliation to a person of ordinary sensibilities as provided under the third prong of an invasion-of-privacy claim. Importantly, the Feasbys alleged in their amended complaint that the Logans "are wrongfully intruding into the [Feasbys'] private activities" and that they "have suffered damages" as well as "mental and emotional harm from the actions of the [Logans] * * * ." (Doc. No. 16).

{¶22} In particular, the parties do not dispute that the Logans installed a security camera on their property or that the Logans informed the Feasbys of the camera along with its voice- and audio-recording capabilities. Rather, the parties dispute whether the Logans' conduct intruded into the Feasbys' private activities. Contrary to the Logans' suggestion that the Feasbys are precluded (as a matter of law) from alleging an invasion-of-privacy claim when the viewing occurs outside of the home, such a claim can stand if the circumstances support the claim. *See Mangelluzzi* at ¶ 16 (agreeing that there is "no blanket rule of law that precludes an invasion of privacy claim when the viewing occurs outside of the home").

{¶23} Based on our review of the record in this case, we conclude that the Feasbys alleged sufficient facts to suggest that they had a reasonable expectation of privacy in their yard and that the Logans invaded their privacy by installing a security camera "so that they could see over the embankment being built by the [Feasbys]." (Doc. No. 16). *Compare Mangelluzzi* at ¶ 16 (concluding that the Mangelluzzis pleaded sufficient facts to suggest "that the Morleys have invaded their privacy by videotaping and photographing them on numerous occasions while

they 'are in their own backyard'" and that, "despite the Mangelluzzis installing 'an additional $10,000 worth of fencing to stop defendants from videotaping' the Mangelluzzis' children, '[d]efendants have responded by climbing to the top of their children's swing sets in order to continue to videotape them'") *with Salupo*, 2004-Ohio-149, ¶ 24-25 (concluding that the plaintiff did "not allege defendants intruded into a private place, or that they invaded his private seclusion").

{¶24} Importantly, the Feasbys alleged in their amended complaint that, because the Logans "have said cameras on their property[, the Feasbys] decided to extend their tree rows and [they built] a twelve (12) foot embankment to ensure that they had privacy from the [Logans'] surveillance cameras while outside in their yard." (Doc. No. 16). Yet, according to the Feasbys, the Logans "installed a large camera approximately fourteen (14) feet above their garage door on the front of their residence" following the construction of their privacy embankment. (*Id.*). Critically, the Feasbys alleged "that this large camera was purchased by the [Logans] and placed so that they could see over the embankment being built by the [Feasbys]." (*Id.*). *Compare Mangelluzzi* at ¶ 19 (asserting that "the complaint alleges that the Mangelluzzis erected a fence to stop the Morleys from interfering and invading their privacy, yet the Morleys continued to do so and took such measures as climbing on their children's swing set to videotape the Mangelluzzis' children").

**{¶25}** Moreover, the Logans' contention that their conduct was justified since the Feasbys' "yard space is open to the public and therefore not private, and not an invasion of privacy," is specious. (Appellee's Brief at 6). Significantly, the pleadings do not demonstrate that the Logans are unequivocally entitled to any type of privilege defense to defeat the Feasbys' claim. *See Mangelluzzi* at ¶ 20. Indeed, the Feasbys' amended complaint belies any such inference that the Feasbys' front yard is viewable to the public. Furthermore, based on the reasonable inference established by the Feasbys' amended complaint that they had a reasonable expectation of privacy in their front yard, evaluating any evidentiary materials suggesting that the Logans are entitled to such defense is inappropriate at this stage of the proceedings. *See id.* at ¶ 9 ("'Unlike a Civ.R. 56 motion for summary judgment, which authorizes the court to evaluate evidentiary materials, Civ.R. 12(C) imposes a structural test: whether on their face the pleadings foreclose the relief requested.'"), quoting *Steinbrink v. Greenon Local School Dist.*, 2d Dist. Clark No. 11CA0050, 2012-Ohio-1438, ¶ 15.

**{¶26}** Thus, when construing the allegations in the Feasbys' favor (as we are required to do), we conclude that the Feasbys alleged a set of facts which would allow them to recover. Therefore, we conclude that the trial court erred by granting a judgment on the pleadings under Civ.R. 12(C) in favor of the Logans.

**{¶27}** Having found error prejudicial to the appellants herein in the particulars assigned and argued, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Reversed*
*and Cause Remanded*

**MILLER, P.J. and WILLAMOWSKI, J., concur.**

**/hls**