[Cite as *Buchanan v. Improved Properties, L.L.C.*, 2014-Ohio-263.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

ASHTON BUCHANAN,

    PLAINTIFF-APPELLANT,            CASE NO.  1-13-38

    v.

IMPROVED PROPERTIES, LLC, ET. AL.,

                                 O P I N I O N

    DEFENDANTS-APPELLEES.

---

**Appeal from Allen County Common Pleas Court**
**Trial Court No. CV2012 0552**

**Judgment Affirmed**

**Date of Decision:   January 27, 2014**

---

APPEARANCES:

    *Gregory A. Grimslid*  **for Appellant**

    *R.C. Wiesenmayer*  **for Appellees**

**WILLAMOWSKI, P.J.**

{¶1} Plaintiff-appellant Ashton Buchanan ("Buchanan") brings this appeal from the judgment of the Court of Common Pleas of Allen County granting summary judgment to defendants-appellees Improved Properties, LLC. ("Improved"), Richard Kantner ("Kantner"), Moulton Transportation, Ltd. ("Moulton"), and Rick Kantner Construction ("RKC"), collectively identified as "Appellees". For the reasons set forth below, the judgment is affirmed.

{¶2} On July 3, 2012, Buchanan filed a complaint with a jury demand. Doc. 1. Buchanan made the following claims in the complaint. First, Kantner dba Improved had fraudulently induced her to purchase the real property located at 316 S. Westminster Street, Waynesfield, Ohio. Second, Kantner had misrepresented the condition of the property. Third, Kantner had intentionally made material omissions and fraudulent concealments to the property. Fourth, Kantner had negligently or recklessly misrepresented the condition of the property. Fifth, that Improved dissolved soon after the sale of the property and Kantner and Volney L. Wright, II ("Wright"), dba as Improved, were unjustly enriched. Sixth, Donald Faulkner ("Faulkner") had breached his contract to inspect the home by failing to disclose the issues of the home. Seventh, Faulkner was negligent in conducting the home inspection. Eighth, Faulkner made verbal representations that the home was suitable which Buchanan relied upon to her detriment. Doc. 1. On July 19,

2012, Buchanan voluntarily dismissed without prejudice the complaint against Wright. Doc.6. Also on July 19, 2012, Buchanan filed an amended complaint adding defendants Moulton and RKC. Doc. 7. The amended complaint alleged the following claims: 1) Kantner fraudulently induced Buchanan to purchase the home; 2) Kantner intentionally or fraudulently misrepresented the condition of the home; 3) Kantner intentionally made material omissions and/or fraudulent concealments of the known condition of the home; 4) Kantner intentionally or fraudulently failed to disclose known conditions; 5) Kantner, Moulton, and RKC have been unjustly enriched; 6) Faulkner breached the home inspection contract; 7) Faulkner was negligent in his inspection; and 8) Faulkner intentionally or negligently made verbal representations of the home's suitability upon which Buchanan relied. *Id.*

{¶3} On August13, 2012, Appellees filed an answer denying the allegations and raising affirmative defenses. Doc. 16. Faulkner also filed his answer on August 13, 2012. Doc. 17. Appellees filed a joint motion for summary judgment on June 3, 2013. Doc. 25. Buchanan filed a response to the motion for summary judgment along with supporting affidavits on June 28, 2013. Doc. 26. On July 10, 2013, Appellees filed their memorandum in support of the motion for summary judgment. Doc. 28. The trial court entered its judgment granting Appellees' motion for summary judgment on July 16, 2013. Doc. 30. On August 8, 2013,

Buchanan voluntarily dismissed without prejudice its claims against Faulkner. Doc.33. The notice of appeal was timely filed on August 14, 2013. Doc. 34. Buchanan raises the following assignment of error on appeal.

> **The trial court abused its discretion in the Entry dated July [16], 2013 wherein it granted [Appellees'] motion for summary judgment.**

{¶4} The sole assignment of error in this case claims that the trial court's erred by granting Appellee's motion for summary judgment.

> **An appellate court reviews a trial court's summary judgment decision de novo, independently and without deference to the trial court's decision. Ohio Govt. Risk Mgt. Plan v. Harrison, 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, at ¶ 5, citing Comer v. Risko, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, at ¶ 8. Summary judgment is appropriate only "when the requirements of Civ.R. 56(C) are met." Adkins v. Chief Supermarket, 3d Dist. No. 11-06-07, 2007-Ohio-772, at ¶ 7. The party moving for summary judgment must establish: (1) that there are no genuine issues of material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Id., citing Civ.R. 56(C); Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, at paragraph three of the syllabus. In ruling on a motion for summary judgment, a court may not "weigh evidence or choose among reasonable inferences * * *." Id., at ¶ 8, 653 N.E.2d 1196, citing Jacobs v. Racevskis (1995), 105 Ohio App.3d 1, 7, 663 N.E.2d 653. Rather, the court must consider the above standard while construing all evidence in favor of the non-movant. Jacobs, at 7, 663 N.E.2d 653.**

> **The party moving for summary judgment must identify the basis of the motion to allow the non-movant a "meaningful**

> **opportunity to respond." Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 116, 526 N.E.2d 798. In its motion, the moving party "must state specifically which areas of the opponent's claim raise no genuine issue of material fact and such assertion may be supported by affidavits or otherwise as allowed by Civ.R. 56(C)." Id. at 115, 526 N.E.2d 798, citing Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, citing Hamlin v. McAlpin Co. (1964), 175 Ohio St. 517, 519-520, 196 N.E.2d 781; Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. If the moving party fails to meet its burden, summary judgment is inappropriate; however, if the moving party meets its initial burden, the non-moving party has a "reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial * * *." Dresher, at 294, 662 N.E.2d 264.**

*Lillie v. Meachem*, 3d Dist. Allen No. 1-09-09, 2009-Ohio-4934, ¶21-22.

{¶5} Here, Appellees moved for summary judgment claiming right to judgment as a matter of law because Buchanan had received the residential disclosure form, had been permitted to have a home inspection, and had signed a contract that she was accepting the home in the condition she had seen. Buchanan responded that Appellees had failed to disclose all conditions that were known or should have been known and that Appellees actively concealed problems. Doc. 26. In support of the claim, Buchanan points out that Appellees admitted that they had installed new floor joists and subfloor in the kitchen, and the damaged section was "directly adjacent" to the area replaced. *Id.* at 3. Thus, Buchanan claims they either knew or should have known of the problems. Buchanan also points to the fact that "the siding on the exterior of the home and the metal flashing were

installed in an abnormal manner very close to the ground to conceal the problems with the foundation." *Id.*

{¶6} Attached to Buchanan's responses were two affidavits in support of her argument. The first affidavit was that of Buchanan in which she stated that she relied upon the disclosure of Kantner as to structural components that there was a problem with the kitchen floor that had been fixed. Doc. 26, Ex. A. No other information was noted on the Residential Property Disclosure Form. Ex. A. The affidavit also stated that within a couple of months, they discovered that there were extensive problems in the crawl space related to moisture. Doc. 26. To correct the problems, Buchanan was required to replace the foundation (at a cost of $4,000.00), remove all rotten wood from the crawlspace, replace all heating ducts and install a vapor barrier (at a cost of $1,300.00) as a first stage. *Id.* at attached bills. These repairs had been completed. *Id.* The second stage would require all rotten floor joists be replaced, the main beams needed to be replaced, the sawdust, used for insulation, would need to be removed, a concrete support pier would need to be added, and a sump pump would need to be installed (at a cost of $5,000.00). *Id.* This stage had not yet been completed. *Id.* Finally, they would need to adjust the crawlspace to have the water flowing into the sump pit for removal of any water that flows into it (at a cost of $5,500.00). *Id.*

{**¶7**} Also attached to Buchanan's response was an affidavit from her father, Mark Buchanan ("M. Buchanan"). Doc. 26, M. Buchanan Affidavit. M. Buchanan stated in his affidavit that he had reviewed the Residential Property Disclosure Form and that there was no disclosure as to the rotting floor joists or support beams. *Id*. at 1. Appellees had been working in the crawl space on the floor adjacent to the damaged area. *Id*. at 2. He also stated that Appellees actively concealed the problems and their extent by installing siding and flashing very low to the ground. *Id*. at 3. M. Buchanan also stated that Appellees "actively concealed the crawl space access with carpet on the interior of the home." *Id*.

{**¶8**} An affidavit in support of the motion was filed by Appellees. Doc. 27, Kantner Affidavit. In his affidavit, Kantner stated that RKC made certain repairs to the property and provided a list of the repairs. *Id*. at 2. Kantner also claims that the purchase price paid by Improved for the property was $31,000 and that there were expenses of $43,987.23 for improvements, but the house sold for $50,000. *Id*. As a result, Improved lost more than $25,000 and the company was liquidated. *Id*. The attached list of renovations indicated that RKC installed new kitchen floor joists and sub floor and installed 100% new floor covering. *Id*.

{**¶9**} Attached to the amended complaint as Exhibit A was the residential property disclosure form. The form was completed by Kantner. Ex. A. The information on the form identifies two problems with the residence. The first is

that there has been water intrusion and Kantner wrote "I have seen up to 1/2" water in crawlspace." Ex. A, 2. Kantner also identified a problem with the structural component.

> **E) STRUCTURAL COMPONENTS (FOUNDATION, BASEMENT/CRAWLSPACE, FLOORS, INTERIOR AND EXTERIOR WALLS): Do you know of any movement, shifting, deterioration, material cracks/settling (other than visible minor cracks or blemishes or other material problems with the foundation, basement/crawl space, floors, or interior/exterior walls?**
>
> **Yes * * * If "Yes", please describe: Floor have (sic) moved from age of home. I have fixed kitchen floor & have seen no movement.**

*Id*.

{¶10} Exhibit B, which was attached to the amended complaint, is the contract to purchase the home. The contract contained the following clause.

> **15. INSPECTION AND ACCESS: During the inspection performance period as defined in Paragraph 14, Buyer and Buyer's inspectors and contractors shall be permitted access to the Property at reasonable times and upon reasonable advance notice to Seller. * * * If the inspections disclose any defects (including adverse environmental conditions) in the Property, Buyer shall notify Seller in writing of the defects prior to the expiration of the inspection performance period. For purposes of this paragraph, defects do not include (a) minor routine maintenance or repair items not affecting habitability or (b) matters disclosed to Buyer in writing by Seller before Buyer's execution of this Agreement.**
>
> **THE FAILURE OF BUYER TO NOTIFY SELLER OF ANY DEFECTS BEFORE THE EXPIRATION OF THE INSPECTION PERIOD SHALL CONSTITUTE A WAIVER**

**OF SUCH DEFECTS AND BUYER SHALL TAKE THE PROPERTY "AS IS" WITH RESPECT TO SUCH DEFECTS.**

**At the end of each inspection performance period, Buyer shall have three (3) days to elect one of the following:**

**(a)  Remove the inspection contingency and accept the property in its "AS IS" present physical condition;**

**(b)  Accept the property subject to the Seller agreeing to have specific items, that were either previously disclosed in writing by the seller or in a written inspection report, repaired by a qualified contractor in a professional manner at Seller's expense;**

**(c)  Accept the property subject to the Seller crediting the Buyer the cost of repairs of specific items at the time of settlement, providing the credit amount has been agreed to by both Buyer and Seller;**

**(d)  Terminate this agreement if written inspection report(s) identify material latent defects NOT previously disclosed in writing by the Seller.**

**If the property is accepted in its "AS IS" present physical condition, Buyer agrees to sign an Amendment to the Purchase Agreement removing the inspection contingency and this agreement will proceed in full force and effect.**

Ex. B, 2-3.

{¶11} Exhibit D attached to the amended complaint was a copy of the home inspection. The Home evaluation stated as follows:

**4.  Crawl Space:  Needs vapor barrier, sump possibly, check for mold & mildew, suggest down spout & fill dirt to divert outside water.**

Ex. D, 1. The report noted no additional concerns with the crawlspace or with the foundation. Ex. D, 2.

{¶12} The amended complaint alleged eight claims. The last three claims were made against Faulkner and were not dismissed pursuant to the motion for summary judgment.[1] Thus, this court need not consider them. The first four claims all allege that Kantner engaged in fraudulent behavior with the fifth claiming that Appellees were all unjustly enriched by the fraud. In the interests of clarity, we will address the claims out of order. As a general rule, a party may not recover for structural defects of a purchased home when 1) the condition forming the basis of the complaint is discoverable upon reasonable inspection, 2) the purchaser had the opportunity to inspect the premises, and 3) there is no fraud on the part of the vendor. *Layman v. Binns*, 35 Ohio St.3d 176, 519 N.E.2d 642 (1988) and *Kimball v. Duy*, 11th Dist. Lake No. 2002-L-046, 2002-Ohio-7279, ¶21.

{¶13} The fourth claim focused on Kantner's failure to disclose the additional problems in the residential disclosure form. "An 'as is' clause in a real estate agreement relieves the seller from the duty to disclose latent defects." *Id.* at ¶19. There is no dispute that Kantner did not fully disclose that they had installed new kitchen floor joists and sub floor, instead choosing merely to state that there

---

[1] There was a voluntary dismissal without prejudice of those claims after summary judgment was granted.

was movement due to the age of the home and that the problem had been repaired. Doc. 7, Ex. A. However, there is also no dispute that Buchanan had made the purchase contingent upon an inspection and had an inspection done. Doc. 7, Ex. B, Ex. C. Kantner put Buchanan on notice that there had been water in the basement at a prior time. Doc. 7, Ex. A. After learning of this and having the property inspected, Buchanan accepted the property "as is". Doc. B. This "as is" clause, as a matter of law, relieves Appellees from disclosing latent defects. *Kimball*, *supra* and *Goddard v. Stabile*, 185 Ohio App.3d 485, 2009-Ohio-6375, ¶28, 924 N.E.2d 868. Although in this case there may be questions of fact as to whether Appellees had knowledge of the problems with the floor joists since there had been problems with the floor joists in the kitchen, which was not fully disclosed, these questions are not material due to the "as is" clause and the inspection. The fourth claim fails as a matter of law.

{¶14} Although the "as is" clause bars the claim for failure to disclose, it does not bar, as a matter of law, a claim for either fraudulent concealment or fraudulent representation. *Goddard*, *supra* at ¶29 and *Williams v. Brown*, 5th Dist. Muskingum Nos. CT2004-0048, CT2004-0051, 2005-Ohio-5301, ¶31. The second and third claims in the amended complaint dealt with fraudulent misrepresentation and fraudulent concealment respectively.

> **The elements which constitute the basis for a claim of fraudulent misrepresentation are: "(1) a representation, or where there is a**

> **duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying on it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately cause by the reliance."** *Cardi v. Gump* **(1997), 121 Ohio App.3d 16-22, 698 N.E.2d 1018.**

*Kimball, supra* at ¶23. *See Cohen v. Lamko, Inc.*, 10 Ohio St.3d 167, 462 N.E.2d 407 (1984). "When a plaintiff claiming fraud in the sale of property has had the opportunity to inspect the property, he is charged with knowledge of the conditions that a reasonable inspection would have disclosed." *Wallington v. Hageman*, 8th Dist. Cuyahoga No. 94763, 2010-Ohio-6181, ¶18 (quoting *Pedone v. Demarchi*, 8th Dist. Cuyahoga No. 88667, 2007-Ohio-6809, ¶31). Here, Buchanan had the opportunity and completed a home inspection. Although the inspection report, along with the interrogatories provided by Faulkner, are inconsistent about whether the crawl space was inspected, the fact remains that the residential disclosure form and the home inspection report both indicated that there was a problem with water in the crawl space. Ex. A, Ex. C. This is sufficient to put Buchanan on notice of the potential issues. A buyer cannot justifiably rely upon any representations of the seller when the purchase is contingent upon an inspection. *Kimball, supra* at ¶24. Buchanan thus could not justifiably rely on any alleged misrepresentations by Kantner. For this reason, the second claim fails as a matter of law.

{¶15} In the third claim, Buchanan claims that Appellees engaged in fraudulent concealment. The elements that need to be proven to support a claim for fraudulent concealment are that 1) there was an actual concealment, 2) of a material fact, 3) with knowledge of the concealment, 4) with the intent to mislead another into relying, 5) which causes justifiable reliance by a party with a right to rely, and 6) the relying party suffers damages as a result. *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 55, 514 N.E.2d 709 (1987). In this case, the only evidence of active concealment is the claim in both Buchanan and M. Buchanan's affidavits that the flashing and siding were very near the ground and the statement by M. Buchanan that Appellees had installed carpeting over the access to the crawlspace. However, Kantner admitted that there had been water in the crawlspace and Faulkner also told Buchanan that there was a moisture problem in the crawlspace. Thus, even assuming that Appellees had attempted to actively conceal the water issues and foundation issues by use of the siding and flashing, there was still ample evidence to put Buchanan on notice of the issues. Any reliance would not be justifiable. As to covering the access to the crawlspace, the record lacks any evidence that this action actually prevented Buchanan from gaining access to the crawlspace. To the contrary, the inspection report appears to indicate that the crawlspace was accessed. Thus, even if Appellees intended to conceal the problems, there was no evidence of actual concealment presented to

the trial court. Lacking this evidence, the third claim in the amended complaint would also fail.

{¶16} The first claim raised in the amended complaint was that Kantner had fraudulently induced Buchanan to enter into the contract. To prevail upon a claim for fraudulent inducement, one must show

> **(1) a false representation concerning a fact or, in the face of a duty to disclose, concealment of a fact, material to the transaction; (2) knowledge of the falsity of the representation or utter disregard for its truthfulness; (3) intent to induce reliance on the representation; (4) justifiable reliance upon the representation under circumstances manifesting a right to rely; and (5) injury proximately caused by the reliance.**

*Lepera v. Fuson*, 83 Ohio App.3d 17, 23, 613 N.E.2d 1060 (1992). *See Mussivand v. David*, 45 Ohio St.3d 314, 544 N.E.2d 265 (1989) and *Gaines, supra*. As discussed above, Buchanan had the opportunity and took the opportunity to inspect the property before purchasing it. "[A] party has no right to rely on certain representations regarding the property to be transferred when the true facts are equally open to both parties." *Gentile v. Ristas*, 160 Ohio App.3d 765, 2005-Ohio-2197, ¶50, 828 N.E.2d 1021 (10th Dist.). Since the fact that there was water damage was open for Buchanan to discover, she could not justifiably rely on the representations of Kantner. Thus, there was no fraudulent inducement to purchase the property and the first claim of the amended complaint fails as a matter of law.

{¶17} The fifth and final claim of the amended complaint at issue in this appeal is that Appellees were unjustly enriched by the misrepresentations and actions of Kantner. Unjust enrichment is a quasicontractual theory for recovery. *Dailey v. Craigmyle & Son Farms, L.L.C.*, 177 Ohio App.3d 439, 2008-Ohio-4034, ¶20, 894 N.E.2d 1301. "In order to recover on a claim of unjust enrichment, the party asserting the claim must demonstrate '1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment.'" *Id*. (quoting *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984)). Here, there is no evidence presented to the trial court to show that Appellees did anything that would result in them unjustly keeping the payment for the home. Kantner put Buchanan on notice about water intrusion by disclosing it in the residential disclosure form. The contract was contingent upon an inspection. The inspection form notified Buchanan that there was a problem with water in the crawlspace. Although neither of the above notified Buchanan of the full extent of the problem, Buchanan was provided notice of potential problems and had the right to ask more questions. Instead, Buchanan proceeded to purchase the home in an "as is" condition. Given these facts, there is no evidence to show that Appellees were unjustly enriched. The result is that the fifth claim of the amended complaint fails as a matter of law.

Case No. 1-13-38

**{¶18}** Having reviewed all five counts of the amended complaint brought against Appellees, this court has determined that there are no genuine issues of material fact and that as a matter of law, Appellees are entitled to summary judgment. The assignment of error is overruled.

**{¶19}** Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Allen County is affirmed.

*Judgment Affirmed*

**ROGERS and SHAW, J.J., concur.**

**/jlr**