[Cite as *Jones v. Gilbert*, 2023-Ohio-754.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY


MCKENNA JONES ET AL.,

    PLAINTIFFS-APPELLANTS,           CASE NO.  2-22-19

    v.

SHARON GILBERT ET AL.,

                                     **O P I N I O N**

    DEFENDANTS-APPELLEES.


**Appeal from Auglaize County Common Pleas Court**
**Trial Court No. 2021 CV 0117**

**Judgment Affirmed**

**Date of Decision:  March 13, 2023**


**APPEARANCES:**

    *Kevin J. Stotts* for Appellants

    *John J. Willamowski, Jr.* for Appellee, KM Gilbert Real Estate, LLC

    *Zach G. Ferrall* for Appellee, Sharon Gilbert

**MILLER, P.J.**

{¶1} Plaintiffs-appellants, McKenna Jones, now known as McKenna Drummond, and Austin Drummond (collectively the "Drummonds"), appeal the August 12, 2022 judgment of the Auglaize County Court of Common Pleas granting the motion for judgment on the pleadings of defendant-appellee, Sharon Gilbert. For the reasons that follow, we affirm.

## I. Facts & Procedural History

{¶2} The Drummonds first filed a complaint against Gilbert on December 2, 2021. On February 16, 2022, the Drummonds amended their complaint to set forth claims of fraud and fraudulent concealment against Gilbert. In their amended complaint, the Drummonds alleged that on or about June 19, 2021, they, as buyers, and Gilbert, as seller, entered into a purchase agreement for real property located in St. Marys, Ohio. (Doc. No. 30). A copy of the purchase agreement, which incorporated a residential property disclosure form, an inspection report addendum, and a post-inspection repair agreement, was attached to the Drummonds' amended complaint.

{¶3} In the purchase agreement, Gilbert represented that there existed "no defects or conditions or toxic or hazardous or contaminated substances on the Property, known to Seller which would adversely affect or materially impair the fitness of the Property for the purpose of its intended use." (Doc. No. 30, Ex. A).

Additionally, the purchase agreement specified that the Drummonds "ha[d] examined the Property and, except as otherwise provided in [the purchase agreement], [were] purchasing it 'as is' in its present condition, relying upon such examination as to the condition, character, size, utility and zoning of the Property." (Doc. No. 30, Ex. A).

{¶4} In the residential property disclosure form, Gilbert stated she had never occupied the home on the premises and represented that she did not "know of any previous or current water leakage, water accumulation, excess moisture or other defects to the property, including but not limited to any area below grade, basement or crawl space." (Doc. No. 30, Ex. B). She further denied knowledge of "any water or moisture related damage to floors, walls or ceilings as a result of flooding; moisture seepage; moisture condensation; ice damming; sewer overflow/backup; or leaking pipes, plumbing fixtures, or appliances." (Doc. No. 30, Ex. B). Gilbert also represented that she did not know about any "material problems with the foundation, basement/crawl space, floors, or interior/exterior walls" or "any previous or current flooding, drainage, settling or grading or erosion problems affecting the property." (Doc. No. 30, Ex. B). Moreover, with respect to the crawl space, the inspection report stated that "[t]he crawl space ha[d] extensive debris laying around the space causing accesses to be restricted." (Doc. No. 30, Ex. C).

{¶5} In their amended complaint, the Drummonds claimed that Gilbert made material misrepresentations and omissions in the purchase agreement and the residential property disclosure form.  The Drummonds alleged that Gilbert failed "to disclose that the property had water intrusion, flooding, material defects with the crawl space and mold issues."  (Doc. No. 30).  They further alleged that Gilbert "knew or should have discovered the material defects of water intrusion into the crawl space and mold" and that Gilbert "knew or should have known the material defects of flooding on the property."  (Doc. No. 30).  The Drummonds claimed that Gilbert "intended to mislead [them] into relying on [the] misrepresentations and omissions" and that "Gilbert's representations and omissions were material to the transaction and became the basis of their bargain, * * * which affected [their] decision to purchase the property."  (Doc. No. 30).  The Drummonds asserted that Gilbert had engaged in fraudulent conduct and that the sale of the property should therefore be rescinded.

{¶6} On February 24, 2022, Gilbert filed her answer to the Drummonds' amended complaint.  On May 5, 2022, Gilbert filed a third-party complaint against third-party defendant/appellee, KM Gilbert Real Estate, LLC (the "LLC").  In her third-party complaint, Gilbert claimed that if the Drummonds succeeded in obtaining rescission of the sale, the LLC would have an obligation to refund Gilbert

for commissions she paid to the LLC. On June 1, 2022, the LLC filed its answer to Gilbert's third-party complaint.

**{¶7}** On July 13, 2022, Gilbert filed a motion for judgment on the pleadings. In her motion, Gilbert noted that the real property purchase agreement was expressly conditioned on "[i]nspections * * * satisfactory to the buyer." (Doc. No. 30, Ex. A). She also highlighted the following section from the inspection report:

**PREVIOUS WATER ENTRY-WET**

Foundation is recommended for further evaluation due to visible moisture entry and/or efflorescence (white chalk substance). We are unable to determine the extent of water intrusion or how often it occurs. We would recommend keeping gutters clear, install downspout extensions to displace water away from the foundation and correct negative grades along the perimeter, if this does not resolve issues then consult with a qualified waterproofing contractor.

Recommendation

Contact a qualified waterproofing contractor.

(Capitalization and boldface sic.) (Doc. No. 30, Ex. C). Gilbert argued that because the purchase was explicitly conditioned on an inspection acceptable to the Drummonds and the inspection revealed previous water infiltration, the Drummonds, as a matter of law, could not prove that they justifiably relied on any of the purported misrepresentations or omissions in the purchase agreement or residential property disclosure form as required to sustain their claims for fraud and fraudulent concealment. The Drummonds responded to Gilbert's motion on July

Case No. 2-22-19

27, 2022, and on August 12, 2022, the trial court, accepting Gilbert's argument, granted Gilbert's motion for judgment on the pleadings.

## II. Assignment of Error

{¶8} On August 31, 2022, the Drummonds timely filed a notice of appeal.[1] They raise the following assignment of error for our review:

> **The common pleas court of Auglaize County, Ohio erred as a matter of law by granting defendant's motion for judgment on the pleadings.**

## III. Discussion

{¶9} In their assignment of error, the Drummonds assert that the trial court erred by granting Gilbert's motion for judgment on the pleadings. The Drummonds maintain that triable issues of material fact exist as to whether they justifiably relied on the misrepresentations and omissions Gilbert purportedly made in the purchase agreement and in the residential property disclosure form.

### A. Civ.R. 12(C) Motions for Judgment on the Pleadings

{¶10} Under Civ.R. 12(C), "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." In considering a Civ.R. 12(C) motion for judgment on the pleadings, the court is limited to the statements contained in the parties' pleadings and any "written instruments" attached as exhibits to those pleadings. *Socha v. Weiss*, 8th Dist.

---

[1] Gilbert and the LLC have united in opposition to the Drummonds' appeal and have elected to file a joint brief in this matter.

-6-

Cuyahoga No. 105468, 2017-Ohio-7610, ¶ 9; *see* Civ.R. 10(C) (stating that a "copy of any written instrument attached to a pleading is a part of the pleading for all purposes"). "'[T]he term "written instrument" in Civ.R. 10(C) has primarily been interpreted to include documents that evidence the parties' rights and obligations, such as negotiable instruments, "insurance policies, leases, deeds, promissory notes, and contracts."'" *State ex rel. Leneghan v. Husted*, 154 Ohio St.3d 60, 2018-Ohio-3361, ¶ 17, quoting *Inskeep v. Burton*, 2d Dist. Champaign No. 2007 CA 11, 2008-Ohio-1982, ¶ 17, quoting 1 Klein & Darling, *Baldwin's Ohio Practice*, 744-745 (2004).

{¶11} "Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996). Judgment on the pleadings is appropriate where the trial court, after construing the material averments, admissions, or denials of the pleadings, with all reasonable inferences to be drawn therefrom, in a light most favorable to the non-moving party, finds beyond doubt that the non-moving party could prove no set of facts entitling him to relief. *Id.*; *Ohio Manufacturers' Assn. v. Ohioans for Drug Price Relief Act*, 147 Ohio St.3d 42, 2016-Ohio-3038, ¶ 10. "An appellate court reviews a trial court's decision on a Civ.R. 12(C) motion for judgment on the pleadings de novo and considers all

legal issues without deference to the trial court's decision." *Wentworth v. Coldwater*, 3d Dist. Mercer No. 10-14-18, 2015-Ohio-1424, ¶ 15.

## B. Caveat Emptor, "As is" Clauses, Fraud, & Fraudulent Concealment

{¶12} "The doctrine of caveat emptor generally 'governs the obligation of sellers of real property to disclose information to potential buyers and precludes any reliance on certain misrepresentations made by a seller or sellers concerning the condition of the property at issue.'" *Bechtel v. Turner*, 10th Dist. Franklin No. 19AP-686, 2020-Ohio-4078, ¶ 35, quoting *Gentile v. Ristas*, 160 Ohio App.3d 765, 2005-Ohio-2197, ¶ 49 (10th Dist.). "'Under the doctrine of caveat emptor, a seller has an obligation to disclose only those defects known by the seller that could not be readily discoverable by a reasonable inspection.'" *Id.*, quoting *Gentile* at ¶ 50. The doctrine of caveat emptor precludes relief for the purchaser of real property where "(1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor." *Layman v. Binns*, 35 Ohio St.3d 176 (1988), syllabus. Furthermore, an "as is" clause like the one contained in the purchase agreement "'places the risk upon the purchaser as to the existence of defects and relieves the seller of any duty to disclose.'" *Rodgers v. Sipes*, 3d Dist. Crawford No. 3-11-19, 2012-Ohio-3070, ¶ 41, quoting *Rogers v. Hill*, 124 Ohio App.3d 468, 471 (4th Dist.1998). Specifically, an "as is" clause

Case No. 2-22-19

relieves the seller of his duty to disclose latent defects in the property. *Buchanan v. Improved Properties, LLC*, 3d Dist. Allen No. 1-13-38, 2014-Ohio-263, ¶ 13.

**{¶13}** However, neither the doctrine of caveat emptor nor the presence of an "as is" clause forecloses a buyer from recovery when the seller has perpetrated a fraud. *Id.* at ¶ 14; *Lapos Constr. Co. v. Leslie*, 9th Dist. Lorain No. 06CA008872, 2006-Ohio-5812, ¶ 14; *Donnelly v. Taylor*, 9th Dist. Medina No. 02CA0033-M, 2003-Ohio-729, ¶ 16. Here, in an effort to avoid the limitations on their ability to recover, the Drummonds claimed fraud and fraudulent concealment. The Supreme Court of Ohio has set forth the elements of a fraud claim as follows:[2]

> "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance."

*Lucarell v. Nationwide Mut. Ins. Co.*, 152 Ohio St.3d 453, 2018-Ohio-15, ¶ 61, quoting *Groob v. KeyBank*, 108 Ohio St.3d 348, 2006-Ohio-1189, ¶ 47, quoting *Gaines v. Preterm-Cleveland, Inc.*, 33 Ohio St.3d 54, 55 (1987). Claims of fraudulent concealment require similar proof. "The elements that need to be proven to support a claim for fraudulent concealment are that 1) there was an actual concealment, 2) of a material fact, 3) with knowledge of the concealment, 4) with

---

[2] These elements are identical to the elements this court has previously identified as composing a claim for fraudulent misrepresentation. *Buchanan*, 2014-Ohio-263, at ¶ 14.

the intent to mislead another into relying, 5) which causes justifiable reliance by a party with a right to rely, and 6) the relying party suffers damages as a result." *Buchanan* at ¶ 15, citing *Gaines* at 55.

**C.  The trial court did not err by granting Gilbert's motion for judgment on the pleadings.**

{¶14} The element of justifiable reliance is common both to the Drummonds' fraud claim and to their fraudulent concealment claim.  "The requirement of justifiable reliance tests the credibility of the claim that fraud induced a party to act and it is generally a question of fact." *March v. Statman*, 1st Dist. Hamilton No. C-150337, 2016-Ohio-2846, ¶ 22.  However, where there is no issue of material fact that the plaintiff did not rely on an allegedly fraudulent misrepresentation or concealment, or where they could not have justifiably done so as a matter of law, judgment may properly be awarded to the defendant without submission of the case to the trier of fact.  *See id.* (stating that summary judgment may be granted on the issue of justifiable reliance where appropriate).  Such is the case here.  Having reviewed the pleadings, we agree with the trial court that Gilbert is entitled to judgment on the Drummonds' fraud and fraudulent concealment claims because, as a matter of law, the Drummonds could not have justifiably relied on any of Gilbert's allegedly fraudulent misrepresentations or concealments.

{¶15} Construing the pleadings in a light most favorable to the Drummonds, there is no issue of material fact that the Drummonds had notice of the potential

water infiltration issue in the crawl space. Although the inspector indicated that access to the crawl space was "restricted" by debris, it is clear from the report that the inspector was nevertheless able to gain entry to the crawl space. Indeed, the inspection report featured photographs taken from different angles and positions within the crawl space.[3] While the presence of debris made it more difficult for the inspector to move about the crawl space, he was still able to document evidence of water intrusion. The inspector advised that the severity and frequency of water intrusion were uncertain, but that further evaluation was recommended based on visible moisture entry and other evidence of water infiltration. The sale of the property was expressly conditioned on an inspection satisfactory to the Drummonds, and it proceeded notwithstanding the contents of the inspection report.

{¶16} The notice provided by the inspection report, along with the fact that the sale of the property was conditioned on the inspection being satisfactory to the Drummonds, preclude the Drummonds from demonstrating justifiable reliance. A buyer's reliance on a seller's fraudulent misrepresentation or concealment "is not justifiable, as a matter of law, where undisputed evidence demonstrates that the

---

[3] As a general matter, "[p]hotographs are not 'account[s]' or 'written instruments' that are incorporated into the complaint pursuant to Civ.R. 10(C) and (D)" and ought not to be considered when deciding whether to grant a motion for judgment on the pleadings. *Davis v. Widman*, 184 Ohio App.3d 705, 2009-Ohio-5430, ¶ 18 (3d Dist.). However, the photographs at issue here were included in the inspection report, which was itself incorporated into the purchase agreement. Consequently, the photographs are part of a "written instrument" and may be considered in this particular instance.

buyer had other sufficient notice of the * * * issue before closing on the home."

*Bechtel*, 2020-Ohio-4078, at ¶ 39. As it pertains to water intrusion,

> a buyer's home inspection that documents signs of water intrusion or damage * * * is generally sufficient to place a buyer on notice of potential water issues, the cause and scope of which the buyer is charged with exploring further. Similarly, a buyer who is aware of water damage in the basement and has been alerted to potential flooding but who does not conduct a more thorough investigation of the issue cannot show justifiable reliance on the seller's representations * * *.

(Citations omitted.) *Id.* at ¶ 40. "Once alerted to a possible defect, a purchaser may not simply sit back and then raise his lack of expertise when a problem arises." *Tipton v. Nuzum*, 84 Ohio App.3d 33, 38 (9th Dist.1992). Furthermore, this court has held that "[a] buyer cannot justifiably rely upon any representations of the seller when the purchase is contingent upon an inspection." *Buchanan*, 2014-Ohio-263, at ¶ 14; *see Kimball v. Duy*, 11th Dist. Lake No. 2002-L-046, 2002-Ohio-7279, ¶ 24 (stating that a "'buyer cannot be said to have justifiably relied upon misrepresentations made by the seller where the agreement is clearly contingent upon the inspection rather than any alleged representations'"), quoting *Massa v. Genco*, 11th Dist. Lake No. 89-L-14-162, 1991 WL 26761, *3 (Mar. 1, 1991).

{¶17} In this case, the Drummonds were notified that the crawl space potentially had a water intrusion problem, that the extent of the problem was unknown, and that additional examination would be prudent. Even so, the Drummonds consummated their purchase of the property. Under these

circumstances, the Drummonds' reliance was not justifiable as a matter of law. Therefore, because the Drummonds' reliance was not justifiable, they can prove no set of facts entitling them to relief for fraud or fraudulent concealment. Accordingly, the Drummonds' fraud and fraudulent concealment claims fail as a matter of law, and we conclude that the trial court did not err by granting Gilbert's motion for judgment on the pleadings.

{¶18} The Drummonds' assignment of error is overruled.

## IV. Conclusion

{¶19} For the foregoing reasons, the Drummonds' assignment of error is overruled. Having found no error prejudicial to the appellants herein in the particulars assigned and argued, we affirm the judgment of the Auglaize County Court of Common Pleas.

*Judgment Affirmed*

**WALDICK and ZIMMERMAN, J.J., concur.**

**/jlr**