[Cite as *Holland v. Jones*, 2024-Ohio-2398.]

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# ALLEN COUNTY

CORY HOLLAND, ET AL.,

      CASE NO. 1-23-80

    PLAINTIFFS-APPELLANTS,

  v.

COURTNEY JONES,

      O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Allen County Common Pleas Court
Trial Court No. CV 2023 0108

Judgment Affirmed

Date of Decision:  June 24, 2024

APPEARANCES:

    *Aaron L. Bensinger* for Appellant

    *Dalton J. Smith* for Appellee

**WALDICK, J.**

{¶1} Plaintiffs-appellants, Cory Holland and Erica Nance (collectively, "Appellants"), bring this appeal from the November 22, 2023 judgment of the Allen County Common Pleas Court granting judgment in favor of defendant-appellee, Courtney Jones ("Appellee"). Appellants argue that the trial court erred by granting Appellee's motion to dismiss some of Appellants' claims, and that the trial court erred by granting Appellee summary judgment on Appellants' claim that survived dismissal. For the reasons that follow we affirm the judgment of the trial court.

*Background*

{¶2} Appellants were looking for a residence in a rural area to have more space for their children when they came across Appellee's property for sale on Zillow. Appellants contacted their realtor then went and looked at the property. They took all the time that they needed to walk around and observe the property. Holland testified in his deposition that Appellants ultimately "fell in love" with the property. By their own admission, they checked the residence "pretty thoroughly," including the basement.

{¶3} Appellants were given a "Residential Property Disclosure Form" that had the following subsection related to water intrusion:

> D) WATER INTRUSION:  Do you know of any previous or current water leakage, water accumulation, excess moisture or other defects to the property, including but not limited to any area below grade, basement or crawl space?

The form had boxes for "yes" and "no" and the box for "yes" was checked. The form continued, stating: "If 'Yes', please describe and indicate any repairs completed[.]" Appellee listed: "Sealer on basement walls[.]"

The form also asked:

Do you know of any water or moisture related damage to floors, walls or ceilings as a result of flooding; moisture seepage; moisture condensation; ice damming; sewer overflow; backup; or leaking pipes, plumbing fixtures, or appliances?

Appellee checked the box for "no."

{¶4} Appellants made an offer on Appellee's property the same day that they went to see it. It is undisputed that the Appellants were aware of the statements contained in the disclosure form prior to making an offer. It is also undisputed that Appellants did not ask any questions about the issue of water intrusion that had been marked on the property disclosure form

{¶5} Appellee indicated that she received three offers on her property: appellants' offer, one significantly lower than appellants' offer, and one on par with appellants' offer. However, unlike the other offers, Appellants offered to purchase the property "AS IS" and waived an inspection.[1] Appellee accepted Appellants' offer and Appellants purchased the property.

---

[1] The purchasing contract contained the following clause related to inspections:

Buyer waives each professional inspection to which Buyer has not indicated "yes" (y). Failure by Buyer to perform each professional inspection indicated "yes" herein is a waiver of such inspection and shall be deemed absolute acceptance of the Property by Buyer in its "AS IS" condition.

{¶6} Within a month of moving into their new residence, Appellants noticed water on the basement floor after it rained. On March 27, 2023, Appellants filed a complaint against Appellee alleging Fraudulent Misrepresentation, Breach of Contract, Conversion, and "Breach of Statutes" R.C. 4735.67 and R.C. 5302.30. Appellants alleged, *inter alia*, that Appellee had painted and sealed the basement walls to conceal the extent of the water intrusion impacting the basement. Appellants sought damages in excess of $25,000.

{¶7} On April 10, 2023, Appellee filed a motion to dismiss all claims arguing that Appellants took the property "AS IS," that they did not have an inspection, and that water intrusion was disclosed on the disclosure form.

{¶8} On May 10, 2023, the trial court filed a judgment entry granting appellees' motion to dismiss the Breach of Contract claim, the Conversion claim, and the "Breach of Statutes" claim. The trial court determined that due to Appellants taking the property "AS IS," the only claim that survived the motion to dismiss was the claim for Fraudulent Misrepresentation. Notably, the trial court's judgment entry dismissing three of Appellants' four claims contained language pursuant to Civ.R. 54(B) certifying the judgment as a final order. Appellants did not appeal the trial court's judgment on the motion to dismiss.

---

All inspection types were marked "no."

-4-

{¶9} Following the dismissal of all claims other than the Fraudulent Misrepresentation claim, the case proceeded through discovery with depositions being taken of the parties. Appellee then filed a motion for summary judgment, arguing that there was no evidence that Appellee had misrepresented a material fact with any intent to mislead, or that any misrepresentation was relied upon. The trial court ultimately agreed, determining that Appellee *admitted* on the disclosure form that there had been water intrusion in the basement. The trial court found that there was no evidence that a reasonable inspection would have prevented discovery of any water intrusion issues that were already disclosed. Thus the trial court determined that there was no genuine issue of material fact with regard to whether Appellee had committed Fraudulent Misrepresentation. Therefore, the trial court granted Appellee's motion for summary judgment. Appellants now bring the instant appeal, asserting the following assignments of error for our review.

### First Assignment of Error

**The trial court committed prejudicial error by granting appellee's motion to dismiss appellants' claim for breach of contract by holding that the "AS IS" clause bars a breach of contract claim in the sale of a residential property even though fraudulent misrepresentation was also pled.**

### Second Assignment of Error

**The trial court committed prejudicial error by granting appellee's motion for summary judgment on appellants' claim for fraudulent misrepresentation where the trial court did not consider the misrepresentations appellee made on the disclosure**

**form in the sale of a residential property regarding no water damage occurring in the basement.**

### Third Assignment of Error

**The trial court committed prejudicial error by granting appellee's motion for summary judgment on appellants' claim for fraudulent misrepresentation because the basis for appellee's motion for summary judgment revolved around a question of fact as to when appellants knew or should have known about the water intrusion issues in the basement.**

*First Assignment of Error*

{¶10} In their first assignment of error, Appellants argue that the trial court erred by granting Appellee's motion to dismiss their contractual and statutory claims. However, we lack jurisdiction to entertain these arguments because the trial court certified the judgment on the motion to dismiss as a final order pursuant to Civ.R. 54(B) and Appellants did not file a timely appeal of these issues that impacted substantial rights under R.C. 2505.02. *See Noble v. Colwell*, 44 Ohio St.3d 92 (1989); App.R. 4(B)(5).

{¶11} In their reply brief, appellants contend that the trial court's judgment on the motion to dismiss did not determine the entire action as their Fraudulent Misrepresentation claim remained pending; however, the motion to dismiss definitively determined that Appellants could not recover under the contract, affecting a substantial right under R.C. 2505.02. *See id*; R.C. 2505.02(B)(1) (defining a final order as "an order that affects a substantial right in an action that in effect determines the action and prevents a judgment."). The trial court then made

a factual determination pursuant to Civ.R. 54(B) that judicial economy would be favored by permitting an interlocutory appeal, including the phrase "no just reason for delay."[2]

{¶12} Here, the judgment clearly adjudicates one or more but fewer than all of the claims, thus the judgment is final as to those claims and meets the requirements of R.C. 2505.02. Furthermore, the trial court included the certification required pursuant to Civ.R. 54(B) for immediate appeal. Appellants did not file an appeal from the trial court's judgment so they cannot now attempt to undermine the final judgment of the trial court on the motion to dismiss. Therefore, Appellants' first assignment of error is overruled.[3]

*Second and Third Assignments of Error*

{¶13} In their second and third assignments of error, Appellants argue that the trial court erred by granting summary judgment to Appellee on the Fraudulent Misrepresentation claim.

---

[2] Civ.R. 54(B) reads, in pertinent part:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.

[3] In their reply brief, Appellants assert circular reasoning to establish that we should consider the first assignment of error. Appellants argue that the trial court's determination in granting the motion to dismiss was incorrect, therefore it was not a final appealable order.

Standard of Review

**{¶14}** Summary judgment is proper where there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can reach but one conclusion when viewing the evidence in favor of the non-moving party, and the conclusion is adverse to the non-moving party. Civ.R. 56(C); *State ex rel. Whittaker v. Lucas County Prosecutor's Office*, 2021-Ohio-1241, ¶ 8. Material facts are those facts "'that might affect the outcome of the suit under the governing law.'" *Turner v. Turner*, 67 Ohio St.3d 337, 340 (1993), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Whether a genuine issue exists is answered by the following inquiry: [d]oes the evidence present 'a sufficient disagreement to require submission to a jury' or is it 'so one-sided that one party must prevail as a matter of law[?]'" *Id.* quoting *Anderson* at 251-252.

**{¶15}** "The party moving for summary judgment has the initial burden of producing some evidence which demonstrates the lack of a genuine issue of material fact." *Carnes v. Siferd*, 2011-Ohio-4467, ¶ 13 (3d Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 282 (1996). "In doing so, the moving party is not required to produce any affirmative evidence, but must identify those portions of the record which affirmatively support his argument." *Id.*, citing *Dresher* at 292. "The nonmoving party must then rebut with specific facts showing the existence of a

genuine triable issue; he may not rest on the mere allegations or denials of his pleadings." *Id.* citing *Dresher* at 292.

**{¶16}** We review a trial court's decision to grant summary judgment de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 390 (2000). "De novo review is independent and without deference to the trial court's determination." *ISHA*, *Inc. v. Risser*, 2013-Ohio-2149, ¶ 25 (3d Dist.).

Analysis

**{¶17}** An "AS IS" clause in a contract bars certain claims, but the clause does not bar, as a matter of law, a claim for Fraudulent Misrepresentation. *Buchanan v. Improved Properties, LLC*, 2014-Ohio-263, ¶ 14 (3d Dist.). The elements that constitute the basis for a claim of Fraudulent Misrepresentation are:

> (1) a representation, or where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying on it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately cause by the reliance.

*Id.*

**{¶18}** In support of their claim that Appellee committed Fraudulent Misrepresentation in this case, Appellants contend that Appellee made representations that the property was free of water intrusion and water damage, that any water issues were repaired, and that the property was free of drainage and erosion issues. Further, Appellants argue that Appellee purposely removed evidence

of water damage by painting the basement walls with sealer and by cleaning the basement floor. Finally, Appellants contend that Appellee was not truthful on the residential property disclosure form.

{¶19} In reviewing Appellants' arguments, we first note that many of the claimed misrepresentations by the Appellee are mischaracterizations of statements in the residential property disclosure form. For example, Appellee never "represented" that the property was free of water intrusion. In fact, the record reflects the exact opposite. When asked if she knew of any "previous *or current* water leakage, water accumulation, excess moisture or other defects to the property," Appellee unequivocally answered "yes." (Emphasis added.) Thus Appellee *specifically did not represent that the property was free of water intrusion. See Goddard v. Stabile*, 2009-Ohio-6375, ¶ 31-34 (11th Dist.).

{¶20} Moreover, the next question on the disclosure form asked Appellee to describe "any repairs completed" if there were any issues with water intrusion. Appellee again indicated that there were issues with water intrusion by listing that she had used "Sealer on basement walls." Thus the only indications provided by Appellee on the disclosure form were that there was a water intrusion problem and that she had used sealer on the walls.

{¶21} We emphasize that Appellants had the opportunity to ask Appellee about the disclosures, but they did not. Appellants did not ask how often the sealer was used in the basement or how effective it was. In fact, Appellants did not ask

how bad the water intrusion issues were in the basement even though when they toured the home the dehumidifier in the basement was on a pallet to keep it off the ground. Generally, when alerted to a possible problem, a buyer has a duty to either make further inquiry of the owner, who is under a duty not to engage in fraud, or seek the advice of someone with sufficient knowledge to appraise the defect. Appellants did neither. *Melenick v. McManamon*, 2010-Ohio-1051, ¶ 29 (8th Dist.).

{¶22} Appellants purchased the property "AS IS," which relieves the seller from any claim for fraudulent nondisclosure. *Arndt v. P & M Ltd.*, 2008-Ohio-2316, ¶ 81 (11th Dist.). Although Appellants are claiming Fraudulent Misrepresentation rather than Fraudulent Nondisclosure, the majority of Appellants' arguments seem to be related to a purported nondisclosure. A purported omission is not the same as a direct misrepresentation. *See Martin v. Ohio State Univ. Found.*, 139 Ohio App.3d 89, 103-104 (10th Dist.).

{¶23} Appellants next argue that Appellee improperly claimed that she did not know of any current flooding or drainage problems, but this again mischaracterizes the disclosures in the form. Appellee was asked on the disclosure form about current leaks or backups with the "water supply" system, and about issues with the "sewer system." Appellee indicated no issues with both systems, and Appellants have presented no evidence to the contrary. Appellants seem to now claim that the disclosure related to the water supply and the sewer system should be interpreted more broadly to include leaks on the walls even though there is a

separate, specific question on the disclosure form related to water intrusion. Appellants' arguments are unavailing, particularly since Appellee acknowledged on the form that there was "water intrusion" alerting any potential buyer that water intrusion was an issue.

{¶24} We also reject Appellants' contention that Appellee committed Fraudulent Misrepresentation by "lying" when Appellee stated on the disclosure form that she did not know of any water-related "damage" to floors, walls or ceilings. Appellants contend that there was no "damage" because Appellee's mother had cleaned the floors and applied sealant to the walls. However, Appellants have produced no actual evidence that there was any *damage* to the floor or walls that Appellee failed to disclose.

{¶25} Simply put, Appellants had the opportunity to request a home inspection, or make their offer contingent on a home inspection, but they did not. Appellants have presented no evidence whatsoever that any of the issues would not have been discoverable upon a reasonable inspection, particularly given that water intrusion issues were disclosed by the Appellee. "'When a plaintiff claiming fraud in the sale of property has had the opportunity to inspect the property, he is charged with knowledge of the conditions that a reasonable inspection would have disclosed.'" *Buchanan v. Improved Properties, LLC*, 2014-Ohio-263, ¶ 14 (3d Dist.), quoting *Wallington v. Hageman,* 2010-Ohio-6181, ¶ 18 (8th Dist.).

**{¶26}** In sum, Appellants do not establish any genuine issue of material fact regarding their claim of Fraudulent Misrepresentation against Appellee. They have presented no evidence of statements that were made falsely or that were misleading. Similarly, they have provided no evidence that any purported false statements were justifiably relied upon given the disclosure related to water intrusion. Therefore, Appellants' second and third assignments of error are overruled.

*Conclusion*

**{¶27}** Having found no error prejudicial to Appellants in the particulars assigned and argued, their assignments of error are overruled and the judgment of the Allen County Common Pleas Court is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and MILLER, J., concur.**